Charles D. Bailey, Jr. Attorney for Sarasota-Manatee Airport Authority
QUESTION: May the Sarasota-Manatee Airport Authority make direct payments to hotels, common carriers and other vendors for travel expenses incurred by members and employees?
SUMMARY: Pursuant to s. 112.061(13), F.S., the Sarasota-Manatee Airport Authority may make direct payments to the vendor for actual expenses for meals and lodging. It would appear that the authority may enact bylaws providing for direct payments to common carries in compliance with s. 112.061, F.S.
You have asked this office to reconsider the conclusion reached in AGO 76-3, that direct payments may not be made to restaurants or hotels providing meals and lodging to employees who are called upon on short notice to travel during an emergency situation.
At the time AGO 76-3 was rendered, s. 112.061, F.S., contained no provision for direct payments to restaurants or hotels providing meals and lodging to employees.[1] In response to AGO 76-3, legislation was enacted which would permit any agency to pay lodging and meal expenses directly to the vendor when an employee is required to incur travel expenses in an emergency situation.[2]
Section 112.061, F.S., is the uniform travel expense law for public agencies in this state. Travel expenses and per diem of all public officers, employees, or authorized persons whose travel expenses are paid by a public agency are subject to, and controlled by, the rates and limitations set forth in the statute, unless expressly and specifically exempted by general law.[3]
Section 112.061(13), F.S., states:
 Whenever an agency requires an employee to incur either Class A or Class B travel on emergency notice to the traveler, such traveler may request the agency to pay his expenses for meals and lodging directly to the vendor, and the agency may pay the vendor the actual expenses for his meals and lodging during the travel period, limited to an amount not to exceed that authorized pursuant to this section. . . . The Comptroller amy grant prior approval to a state agency to make direct payments of travel expenses in other situations that result in cost savings to the state. . . .
Thus, in an emergency situation, payments may be made by an agency directly to a vendor for meals and lodging during the employee's travel period. "Agency or public agency" is defined for purposes of s. 112.061, F.S., as:
any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village, municipality, or any other separate unit of government created pursuant to law.[4] (e.s.)
Thus, "agency" is broadly defined to include both state and local entities. The Sarasota-Manatee Airport Authority was created by special act as the body politic and corporate.[5] This office has previously determined that the authority is subject to the limitations in s. 112.061, F.S., to the extent the enabling legislation does not contain conflicting provision.[6]
The authority's enabling legislation does not provide for direct payment of common carriers. Section 112.061, F.S., likewise, contains no specific provision for the direct payment of common carriers. The statute, however, contemplates that common carriers may be paid by flight check or credit card billed directly to the agency.[7]
With regard to state agencies, I would note that the Department of Banking and Finance, under its authority to promulgate rules and regulations regarding disbursement of state funds,[8]
has allowed for the direct billing of common carrier charges to state agencies,[9] subject to the department's prior approval.[10] The rules allowing state agencies to make direct payments to common carriers, however, would not apply to a statutory entity which is not a state agency to make similar payments.
Similar to the authority of the Department of Banking and Finance to promulgate rules to allow payments directly to common carriers, it would appear that the authority, under its statutory power to adopt rules to conduct its business,[11] would be able to provide for direct payments to common carriers in a manner which would no be in conflict with s. 112.061, F.S. Accordingly, the Sarasota-Manatee Airport Authority may adopt rules which allow direct payments to vendors for meals and lodging as provided for in s. 112.061(13), F.S., and may adopt rules providing for direct payments to common carriers in compliance with s. 112.061, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 112.061, F.S. (1975). Cf., s.112.061(9), f.S. (1975), authorizing the Comptroller to pay qualified travel agencies located in the state for the purchase of tickets for travel on common carriers.
[2] See, Ch. 76-250, Laws of Florida.
[3] See, s. 112.061(1), F.S.
[4] Section 112.061(2)(a), F.S.
[5] Chapter 77-651, Laws of Florida, as amended by Chs. 78-620, 86-411, 87-525, 90-407, and 90-414, Laws of Florida.
[6] See, AGO 78-84 (Sarasota-Manatee Airport Authority members not entitled by its enabling legislation or s. 112.061, F.S., to be reimbursed for travel expenses in traveling to and from their homes to the airport authority office). Chapter 86-411, Laws of Florida, amended Ch. 77-651, Laws of Florida, to allow reimbursement to members for mileage as provided in s. 112.061, F.S., from their place of residence to the place of meetings and return.
[7] See, s. 112.061(7)(c), F.S., providing:
In the event transportation other than the most economical class as approved by the agency head is provided by a common carrieron a flight check or credit car, the charges in excess of the most economical class shall be refunded by the traveler to the agency charged with the transportation provided in this manner. (e.s.)
[8] See, ss. 17.075 and 112.061(9), F.S.
[9] "Agency," as used in Ch. 3A, F.A.C., includes any department created under Ch. 20, F.S., the Executive Office of the Governor, the Game and Fresh Water Fish Commission, the Parole and Probation Commission, the State Board of Administration, the Department of Military Affairs, and the Legislative or Judicial branches of government.
[10] See, Rules 3A-42.007(6) and 3A-42.001(3), F.A.C.
[11] See, s. 4(a), Ch. 77-651, Laws of Florida, empowering the authority to "adopt bylaws for the regulation of its affairs and the conduct of its business."